UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN S. FAHERTY, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>RUBIN & ROTHMAN, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendants, RUBIN & ROTHMAN, LLC, ("R&R") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Stamford, Connecticut and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. R&R maintains a location at 1787 Veterans Highway, Suite 32, Islandia, New York 11749.

7. R&R uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. R&R, LLC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Connecticut consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All Connecticut consumers to whom RUBIN & ROTHMAN, LLC, sent initial letters and/or notice concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

<u>The class definition may be subsequently modified or refined.</u>

<u>The Class period begins one year prior to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least fifty (50) persons.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA;

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

   c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to April 20, 2021, Plaintiff allegedly incurred one or more financial obligations ("OBLIGATION or OBLIGATIONS") to Bank of America, N.A. ("BOA").

19. The OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

21. Plaintiff did not incur the OBLIGATION for business purposes.

22. The OBLIGATIONS did not arise out of a transaction that was for business use.

23. Each OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At some time prior to April 20, 2021, the OBLIGATION was placed with R&R for the purpose of collection.

25. At the time the OBLIGATION was placed with R&R for the purpose of collection, the OBLIGATION was past due.

26. At the time the OBLIGATION was with R&R for the purpose of collection, the OBLIGATION was in default.

27. R&R caused to be mailed to Plaintiff a letter dated April 20, 2021, attempting to collect the OBLIGATION. A copy of said letter is annexed hereto as **Exhibit A**.

28. Upon receipt, Plaintiff read the April 20, 2021 letter.

29. The April 20, 2021 letter was the first communication R&R had with Plaintiff.

30. The April 20, 2021 letter was the first written communication R&R had with Plaintiff

31. The April 20, 2021 stated in part:

> Dear Sir/Madam,
>
> The enlosed is in response to your request for validation of debt.
>
> The account was opened on 2/16/2001

32. The envelope containing the April 20, 2021 letter did not contain a "enclosed response".

33. At no time prior to April 20, 2021, did Plaintiff request validation of the alleged BOA debt.

34. On April 28, 2021, Plaintiff sent a letter to R&R explaining that she never requested validation of the alleged debt, and that she never communicated with R&R regarding the alleged debt. A copy of said letter is annexed hereto as Exhibit B.

35. Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
>
> (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. The April 20, 2021, did not include the required validation notice pursuant to 15 U.S.C. §1692g(a)(3),(4),(5)

37. R&R knew or should have known that its actions violated the FDCPA.

38. R&R could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is R&R's policy and practice to send written initial communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

    (a)    Sending initial communications without providing the required validation notice within five days of such communications; and

    (b)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

40. On information and belief, R&R engaged in the practices described herein, for at least 40 natural persons within Connecticut within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

41. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. R&R violated 15 U.S.C. § 1692g(a)(3),(4),(5) of the FDCPA by send the April 20, 2021 to Plaintiff, within providing the required validation notice, within five days of such communication.

44. R&R violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

45. R&R violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

46. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

47. R&R violated 15 U.S.C. § 1692e(10) by sending the the April 20, 2021 to Plaintiff, within providing the required validation notice, within five days of such communication.

48. R&R further violated 15 U.S.C. § 1692e(10), because the April 20, 2021 letter read in its entirety would lead the least sophisticated consumer unsure as to what she must do to effectively dispute the debt.

49. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

50. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692g(b).

52. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

53. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

54. R&R's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 11, 2021                                     Respectfully submitted,

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com


**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

1393887  SOM  1

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

KEITH J. GOLUB[1,2]
Managing Attorney
New Jersey

ADAM OLSHAN[1,2,4]
Managing Attorney
Connecticut and Massachusetts

[1]MEMBER NY BAR  [2]MEMBER NJ BAR
[3]MEMBER CT BAR  [4]MEMBER MA BAR

BUSINESS HOURS: MON-THURS 8:30AM-6:00PM
FRI: 8:30AM-5:00PM

# RUBIN & ROTHMAN, LLC

A LIMITED LIABILITY COMPANY FORMED IN THE STATE OF NY
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
FAX (631) 234-1138
TOLL-FREE (800) 298-6058
FOR RELAY SERVICE DIAL 711
NYC DCA LIC. 2045512

CFR/AJO

FRANK ROTHMAN[1]
DAVID ROTHMAN[1,2]
ADRIENNE CERVENKA[1,2]
AARON DEACON[1,3]
MICHAEL JOHNSON[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
JACQUELINE A. TIERNEY[1]
KIMBERLY PETERSON[3]
JOHN OTT[4]
SHERRI KADISH[4]
STEPHEN HOLBREICH[1]
VALERIE WATTS[1]
TARA RUBIN-FRANGIPANE[1,2]
JOSHUA EGLER[1,4]
KRISTA MILLER[1]
JOSEPH LATONA[1]
ALLISON WILAND[1]
NATALIE DONALDSON[1]
GINA MARIE PARO[4]
JARED DOCKSWELL[1]
KRISTA ROSE[1,2]

CALL: (877) 207-2813 CHRISTOPHER ROBINSON EXT 2020

April 20, 2021

KATHLEEN S FAHERTY
■■■■■■■■■■■■■

```
                    OUR FILE NO:    ■■■■887
                    CREDITOR:  Bank of America, N.A.
                    BALANCE:   $27,213.56 *
```

Dear Sir/Madam,

The enclosed is in response to your request for validation of debt.

The account was opened on 2/16/2001.


                                        RUBIN & ROTHMAN, LLC


WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

* THE CREDITOR HAS WAIVED THE ACCRUAL OF POST-CHARGE OFF INTEREST ON THIS ACCOUNT.

# Exhibit B

April 28, 2021

Mr. Christopher Robinson
Rubin & Rothman, LLC
ATTORNEYS AT LAW
PO Box 9003
Islandia, NY 11749

Dear Christopher Robinson,

I am confused and distressed as to why you and Rubin & Rothman have initiated a false, inaccurate communication with the enclosed letter dated 20th April 2021 that just came to my attention.

It is impossible that the letter you enclosed is in response to "my" request since I know for a fact that I have not communicated with you or Rubin & Rothman or received any other communication in the past, in any manner, nor is there validation.

Regards,

Kathleen Faherty

Enclosure

CC: Federal Trade Commission
    Bureau of Consumer Financial Protection
    Attorney General William Tong