## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN S. FAHERTY, on behalf of herself and all others similarly situated, | Civil Case No.: 3:21-cv-00650 |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RUBIN & ROTHMAN, LLC, and JOHN DOES 1-25, | |
| Defendant(s). | |

### PRELIMINARY STATEMENT

1.    Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendants, RUBIN & ROTHMAN, LLC, ("R&R") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

### DEFINITIONS

4.    As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

### PARTIES

5.     Plaintiff is a natural person, a resident of Stamford, Connecticut and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      R&R maintains a location at 1787 Veterans Highway, Suite 32, Islandia, New York 11749.

7.     R&R uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.     R&R, LLC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Connecticut consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class is initially defined as:

> All Connecticut consumers to whom RUBIN & ROTHMAN, LLC, sent initial letters and/or notice concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

<u>The class definition may be subsequently modified or refined.</u>

<u>The Class period begins one year prior to the filing of this Action</u>.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a.  <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least forty (40) persons**.**

    b.  <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

        i.   Whether the Defendants violated various provisions of the FDCPA;

        ii.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv.  Whether Plaintiff and the Class are entitled to declaratory relief.

    c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.  A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.  A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.  Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.


**STATEMENT OF FACTS**

17.  Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.  Sometime prior to April 20, 2021, Plaintiff allegedly incurred one or more financial obligations ("OBLIGATION or OBLIGATIONS") to Bank of America, N.A. ("BOA").

19.  The BOA OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the BOA OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

21. Plaintiff did not incur the BOA OBLIGATION for business purposes.

22. The BOA OBLIGATION did not arise out of a transaction that was for business use.

23. The BOA OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At sometime prior to November 9, 2020, the BOA OBLIGATION was place with D&A Services, LLC ("D&A") for the purposes of collection. A copy of said letter is annexed hereto as **Exhibit A.**

25. On November 22, 2020, Plaintiff disputed the OBLIGATION in writing and requested verification from D&A. A copy of said letter is annexed hereto as **Exhibit B.**

26. On January 7, 2021, Plaintiff again disputed the OBLIGATION in writing and requested verification from D&A. A copy of said letter is annexed hereto as **Exhibit C.**

27. On April 2, 2021, Plaintiff for the third time disputed the OBLIGATION in writing and requested verification from D&A. A copy of said letter is annexed hereto as **Exhibit D.**

28. D&A never provided the requested verification to Plaintiff.

29. At some time prior to April 12, 2021, the BOA OBLIGATION was placed with R&R for the purpose of collection.

30. At the time the BOA OBLIGATION was placed with R&R for the purpose of collection, the OBLIGATION was past due.

31. At the time the OBLIGATION was with R&R for the purpose of collection, the OBLIGATION was in default.

32. R&R caused to be mailed to Plaintiff a letter dated April 12, 2021, attempting to collect the BOA OBLIGATION. A copy of said letter is annexed hereto as **Exhibit E**.

33. The signature box on the April 12, 2021 letter states: "RUBIN & ROTHMAN, LLC".

34. No attorney at R&R reviewed the file notes from BOA prior to sending the April 12, 2021 letter to Plaintiff.

35. No attorney at R&R reviewed the file notes from D&A prior to sending the April 12, 2021 letter to Plaintiff.

36. R&R chose not to wait until the file notes were received and reviewed by R&R before sending the April 12, 2021 letter to Plaintiff.

37. R&R could have waited until it received and reviewed the file notes before sending the April 12, 2021 letter to Plaintiff.

38. If R&R had waited until after receiving and/or reviewing the file notes, before sending the April 12, 2021 letter to Plaintiff, it would have known that the BOA OBLIGATION was disputed and verification was requested in writing.

39. R&R knew or should have known that Plaintiff disputed the BOA OBLIGATION.

40. R&R knew or should have known that Plaintiff disputed the BOA OBLIGATION before sending its initial communication to Plaintiff on April 12, 2021.

41. R&R knew or should have known that Plaintiff had disputed the BOA OBLIGATION in writing and requested verification of the OBLIGATION, prior to April 12, 2021.

42. R&R knew or should have known that Plaintiff disputed the BOA OBLIGATION in writing and requested verification of the OBLIGATION before sending its initial communication to Plaintiff on April 12, 2021.

43. R&R knew or should have known that the requested verification was never provided to Plaintiff.

44. Upon receipt, Plaintiff read the April 12, 2021 letter.

45. The April 12, 2021 letter was the first communication R&R had with Plaintiff.

46. The April 12, 2021 letter does not disclose that no attorney at R&R had personally reviewed the file.

47. R&R conducted no meaningful attorney involvement on Plaintiff's file prior to sending the April 12, 2021 letter.

48. No attorney at R&R was meaningfully involved in reviewing Plaintiff's file prior to sending the April 12, 2021 letter on its letterhead.

49. Only after R&R finally reviewed the file notes sometime after April 12, 2021, did it discover that Plaintiff had in fact disputed the BOA OBLIGATION on three occasions.

50.  Only after R&R finally reviewed the file notes sometime after mailing the April 12, 2021 letter to Plaintiff, did it discover that Plaintiff had in fact disputed the BOA OBLIGATION on three occasions, and only then did R&R send verification of the OBLIGATION to Plaintiff. A copy of said letter of verification is annexed hereto as **Exhibit F**.

51. 15 U.S.C. §1692g(b) provides in part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection  (a) of this section that the debt, or any portion thereof, is disputed… the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment… and a copy of such verification or judgment is mailed to the consumer by the debt collector.

52. Had an attorney at R&R been meaningfully involved in the review of Plaintiff's file it would not have mailed the April 12, 2021 letter to Plaintiff.

53. Had an attorney at R&R been meaningfully involved in the review of Plaintiff's file it would have ceased communication with Plaintiff until it mailed the requested verification.

54. R&R knew or should have known that its actions violated the FDCPA.

55. R&R could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is R&R's policy and practice to send written initial communications, in the form annexed hereto, which violate the FDCPA, by *inter alia*:

   (a) Communicating with a consumer when it knew or should have known that the debt was dispute and a writing demand for verification was made, prior to sending verification of the debt; and

   (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

57. On information and belief, R&R engaged in the practices described herein, for at least 40 natural persons within Connecticut within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

58. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. Section 1692g(b) of the FDCPA provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection  (a) of this section that the debt, or any portion thereof, is disputed… the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment… and a copy of such verification or judgment is mailed to the consumer by the debt collector.

60. R&R violated 15 U.S.C. § 1692g(b) of the FDCPA by sending the April 12, 2021 letter to Plaintiff, after Plaintiff had disputed the debt in writing and requested verification, and prior to providing said verification.

61. R&R violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

62. R&R violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

63. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

64. R&R violated 15 U.S.C. § 1692e(10) by sending the April 20, 2021 letter to Plaintiff prior to any meaningful attorney involvement.

65. R&R violated 15 U.S.C. § 1692e(10) by sending the April 20, 2021 letter to Plaintiff prior to any attorney reviewing the file.

66. R&R violated 15 U.S.C. § 1692e(10) by sending the April 20, 2021 letter to Plaintiff before it actually received the entire file from BOA.

67. R&R violated 15 U.S.C. § 1692e(10) by sending the April 20, 2021 letter to Plaintiff before it actually received the entire file from D&A.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692g(b) and §1692(e).

71. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

    (b)      Awarding Plaintiff and the Class statutory damages;

    (c)      Awarding Plaintiff and the Class actual damages;

    (d)      Awarding pre-judgment interest;

    (e)      Awarding post-judgment interest.

    (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 24, 2021               Respectfully submitted,

                                 *s/ Joseph K. Jones*
                                 Joseph K. Jones, Esq.
                                 JONES, WOLF & KAPASI, LLC
                                 One Grand Central Place
                                 60 East 42nd Street, 46th Floor
                                 New York, NY 10165
                                 (646) 459-7971 telephone
                                 (646) 459-7973 facsimile
                                 jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                 *s/ Joseph K. Jones*
                                 Joseph K. Jones, Esq.

# Exhibit

# A

**655 PULLMAN AVENUE**
**ROCHESTER, NY 14615**

ADDRESS SERVICE REQUESTED

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE PAID
ROCHESTER NY
PERMIT NO. 841

l.



**D & A Services, LLC**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL 60018

| D&A # | Creditor | Account Number | Balance |
|---|---|---|---|
| ▇▇▇ | Bank of America, N.A. | XXXXXXXXXXXX4309 | $27,213.56 |

Toll Free: 888-335-6729
Web: https://myaccount.dnasllc.com
Hours of Operations:   M-Th 8 am – 7 pm CST
Fri 8 am – 5 pm CST

KATHLEEN S FAHERTY                 345
▇▇▇▇▇▇▇▇▇▇

November 09, 2020

Dear KATHLEEN S FAHERTY:

Your Account has been placed with our office to seek a resolution with you for the balance due on your account.  Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid).  If you cannot pay the amount due, please call us at 1-888-335-6729 to discuss further arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

888-335-6729

| D&A# | Balance |
|---|---|
| ▇▇▇ | $27,213.56 |

| Contact Number | Payment Amount |
|---|---|
|  | $ |

Make your check or money order payable to:

KATHLEEN S FAHERTY
▇▇▇▇▇▇▇▇

D & A Services, LLC
1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

# Exhibit

# B



P

U.S. POSTAGE
$7.75
PM 2-DAY
06907 0004
Date of sale
11/22/20
06        2S
11488333
SSK

## PRIORITY MAIL 2-DAY®

EXPECTED DELIVERY DAY: 11/28/20        0004

C012

SHIP
TO:   D & A Services
1400 E TOUHY AVE
STE G2
Des Plaines IL 60018-3338

### USPS TRACKING® NUMBER

9505 5065 7776 0327 1492 77

---

**UNITED STATES POSTAL SERVICE®**

CAMP AVENUE
24 CAMP AVE
STAMFORD, CT 06907-9992
(800)275-8777

11/22/2020                    05:41 PM

Product          Qty    Unit    Price
                        Price

Priority Mail® 2-Day 1            $7.75
Flat Rate Env
Des Plaines, IL 60018
Expected Delivery Date
Sat 11/28/2020
Tracking #:
9505 5065 7776 0327 1492 77
Insurance                        $0.00
Up to $50.00 included

Total                            $7.75

Grand Total:                     $7.75

Credit Card Remitted             $7.75
Card Name: MasterCard
Account #: XXXXXXXXXXXX2484
Approval #: 085922
Transaction #: 029
Receipt #: 000029
AID: A0000000041010
AL: MASTERCARD                   Chip
PIN: Not Required         CAPITAL ONE

************************************

Due to limited transportation
availability as a result of
nationwide COVID-19 impacts,
package delivery times may be
extended. Priority Mail Express®
service will not change.

************************************

November 22, 2020

D&A Services,

Please provide me with the following documentation: agreement granting you the authority to collect on alleged debt, signed agreement between alleged debtor and alleged creditor, name and address of alleged creditor, name and address of alleged debtor, alleged account number and date opened along with full accounting and charge-off date and agreement with alleged creditor proving your company's current ownership.

*Kathleen Faherty*



**D & A Services, LLC**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL. 60018

| | Bank of America, N.A. | XXXXXXXXXXXXX4309 | $27,213.56 |
|---|---|---|---|

Toll Free: 888-335-6729
Web: https://myaccount.dnasllc.com

Hours of Operations:   M-Th 8 am – 7 pm CST
                        Fri 8 am – 5 pm CST

KATHLEEN S FAHERTY

345

November 09, 2020

*The contents and the accuracy of this letter is disputed.*

Dear KATHLEEN S FAHERTY:

Your Account has been placed with our office to seek a resolution with you for the balance due on your account.  Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid).  If you cannot pay the amount due, please call us at 1-888-335-6729 to discuss further arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

888-335-6729

| Contact Number | Payment Amount |
|---|---|
| | $ |

| | $27,213.56 |
|---|---|

KATHLEEN S FAHERTY

Make your check or money order payable to:

D & A Services, LLC
1400 E. Touhy Ave
Suite G2

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPLOYEE AVAILABILITY DUE TO THE IMPACTS OF COVID-19. WE APPRECIATE YOUR PATIENCE.

# USPS Tracking®

FAQs >

Track Another Package +

**Track Packages**
**Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

Learn More
(https://reg.usps.com/xsell?
app=UspsTools&ref=ho mepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

**Tracking Number:** 9505506577760327149277

Your item was delivered in or at the mailbox at 10:30 am on November 27, 2020 in DES PLAINES, IL 60018.

USPS Tracking Plus™ Available ⌄

⊘ **Delivered**

November 27, 2020 at 10:30 am
Delivered, In/At Mailbox
DES PLAINES, IL 60018

Get Updates ⌄

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌃ |
|---|---|

**November 27, 2020, 10:30 am**
Delivered, In/At Mailbox
DES PLAINES, IL 60018
Your item was delivered in or at the mailbox at 10:30 am on November 27, 2020 in DES PLAINES, IL 60018.

**November 27, 2020, 7:10 am**
Out for Delivery
DES PLAINES, IL 60018

**November 27, 2020, 4:57 am**
Arrived at Post Office
DES PLAINES, IL 60018

**November 26, 2020**
In Transit to Next Facility

**November 24, 2020, 1:01 am**
Arrived at USPS Regional Origin Facility
JERSEY CITY NJ NETWORK DISTRIBUTION CENTER

**November 22, 2020**
USPS expects item for mailing (SSK)
STAMFORD, CT 06907

| USPS Tracking Plus™ | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

# Exhibit

# C

January 7, 2021

D&A Services:

This is a second notice that your claim is disputed and validation is requested. Please be advised, this notice is not a refusal to pay or address verification, but a validation request as per 15 USC 1692g Sec. 809 (b) of the FDCPA. I do have the right to request validation of the alleged debt your company claims to own.

Please provide me with the following documentation: agreement granting you the authority to collect on alleged debt, signed agreement between alleged debtor and alleged creditor, name and address of alleged creditor, name and address of alleged debtor, alleged account number and date opened along with full accounting and charge-off date and agreement with alleged creditor proving your company's current ownership.

If D&A services is unable to complete the validation request within 30 days from the date of receipt, all references to this account must be deleted and completely removed from my credit file, and a copy of such deletion request sent to me immediately. All future attempts to collect on the said debt must be ceased.

Regards,

*Kathleen Flaherty*





CERTIFIED MAIL

7020 1290 0001 9074 9759

7020 1290 0001 9074 9759

6009843338 C012



1000

60018



U.S. POSTAGE PAID
FCM LETTER
OLD GREENWICH, CT
06870
APR 12, '21
AMOUNT

$4.15

R2305M143806-05

D+A Services LLC
1400 E. Touhy Avenue
Ste. 62
Des Plains, IL 60018

# Exhibit

# D

APR 1 5 2021

RECEIVED

By Rubin & Rothman at 10:53 am, 4/19/21

April 2, 2021

700



D&A Services:

Your company has received my validation requests, but I still haven't received the requested validation documents, namely but not limited to, the original written agreement I signed relating to this purported debt along with a complete accounting, and your company's legal right to collect this purported debt.

Since your company is unable or refuses to provide me with the requested validation documents to properly validate this purported debt, I consider this matter closed and collection efforts must cease.

Again, please delete all references to this purported account and close it immediately, and send me a confirmation of the deletion and closure.

Regards,

*Kathleen Faherty*

Enclosure

# Exhibit

# E

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

KEITH J. GOLUB[1,2]
  Managing Attorney
  New Jersey

ADAM OLSHAN[1,3,4]
  Managing Attorney
  Connecticut and Massachusetts

[1]MEMBER NY BAR  [2]MEMBER NJ BAR
[3]MEMBER CT BAR  [4]MEMBER MA BAR

BUSINESS HOURS: MON-THURS 8:30AM-6:00PM
FRI: 8:30AM-5:00PM

# RUBIN & ROTHMAN, LLC

A LIMITED LIABILITY COMPANY FORMED IN THE STATE OF NY
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
FAX (631) 234-1138
TOLL-FREE (800) 298-6058
FOR RELAY SERVICE DIAL 711
NYC DCA LIC. 2045512

FRANK ROTHMAN[1]
DAVID ROTHMAN[1,2]
ADRIENNE CERVENKA[1,2]
AARON DEACON[1,3]
MICHAEL JOHNSON[1]
SUSY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
JACQUELINE A. TIERNEY[1]
KIMBERLY PETERSON[1]
JOHN OTT[4]
SHERRI KADISH[1]
STEPHEN HOLBREICH[1]
VALERIE WATTS[1]
TARA RUBIN-FRANGIPANE[1,2]
JOSHUA EGLER[3,4]
KRISTA MILLER[1]
JOSEPH LATONA[1]
ALLISON WILAND[1]
NATALIE DONALDSON[1]
GINA MARIE PARO[4]
JARED DOCKSWELL[1]
KRISTA ROSE [1,2]

CALL: (877) 207-2813 CHRISTOPHER ROBINSON EXT 2020

April 12, 2021

KATHLEEN S FAHERTY
██████████████████████████

```
                 OUR FILE NO:  ███████
                   CREDITOR: Bank of America, N.A.
                 ACCOUNT NO ***********4309

            AMOUNT OF DEBT: $27,213.56 *
```
Dear Sir/Madam,

The creditor has a claim against you in the above amount.
Please contact us to discuss payment in full of the debt or a payment
arrangement.

UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF,
WITHIN 30 DAYS AFTER YOUR RECEIPT OF THIS LETTER, WE WILL ASSUME
THE DEBT TO BE VALID.  IF YOU NOTIFY US IN WRITING WITHIN THE 30 DAY
PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL
OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU
AND MAIL A COPY OF SUCH VERIFICATION OR JUDGMENT TO YOU.  UPON YOUR
WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, WE WILL PROVIDE YOU WITH
THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE
CURRENT CREDITOR.

Please send all payments to P.O. Box 550, Central Islip, NY
11722 payable to Rubin and Rothman and refer to file # 1393887.
Other correspondence should be sent to P.O. Box 9003, Islandia, NY
11749. In addition to personal checks, you can make electronic pay-
ments on-line at RRLLC189.com or by calling us during business hours.


WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

                      RUBIN & ROTHMAN, LLC


* THE CREDITOR HAS WAIVED THE ACCRUAL OF POST-CHARGE OFF INTEREST ON
THIS ACCOUNT.

# Exhibit

# F

1393887    SOM           1
JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

KEITH J. GOLUB[1,2]
  Managing Attorney
  New Jersey

ADAM OLSHAN[1,3,4]
  Managing Attorney
  Connecticut and Massachusetts

[1]MEMBER NY BAR  [3]MEMBER NJ BAR
[4]MEMBER CT BAR  [2]MEMBER MA BAR

BUSINESS HOURS: MON-THURS 8:30AM-6:00PM
FRI: 8:30AM-5:00PM

# RUBIN & ROTHMAN, LLC

A LIMITED LIABILITY COMPANY FORMED IN THE STATE OF NY
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
FAX (631) 234-1138
TOLL-FREE (800) 298-6058
FOR RELAY SERVICE DIAL 711
NYC DCA LIC. 2045512

CFR/AJO

FRANK ROTHMAN[1]
DAVID ROTHMAN[1,2]
ADRIENNE CERVENKA[1,2]
AARON DEACON[1,3]
MICHAEL JOHNSON[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
JACQUELINE A. TIERNEY[1]
KIMBERLY PETERSON[3]
JOHN OTT[4]
SHERRI KADISH[4]
STEPHEN HOLBREICH[1]
VALERIE WATTS[1]
TARA RUBIN-FRANGIPANE[1,2]
JOSHUA EGLER[3,4]
KRISTA MILLER[1]
JOSEPH LATONA[1]
ALLISON WILAND[1]
NATALIE DONALDSON[1]
GINA MARIE PARO[1]
JARED DOCKSWELL[1]
KRISTA ROSE[1,2]

CALL: (877) 207-2813 CHRISTOPHER ROBINSON EXT 2020

April 20, 2021

KATHLEEN S FAHERTY
███████████████████

OUR FILE NO: ████████
  CREDITOR: Bank of America, N.A.
  BALANCE: $27,213.56 *

Dear Sir/Madam,

The enclosed is in response to your request for validation
of debt.

The account was opened on 2/16/2001.

RUBIN & ROTHMAN, LLC

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

* THE CREDITOR HAS WAIVED THE ACCRUAL OF POST-CHARGE OFF INTEREST ON
THIS ACCOUNT.